**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

June 16, 2021

LETTER TO COUNSEL

      RE:   *Nancy F. v. Berryhill*
              Civil No. DLB-19-128

Dear Counsel:

      Mr. Demuth has filed an amended motion for attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of plaintiff before this Court. ECF 21. In response, the Commissioner asked the Court to consider whether Mr. Demuth's requested fee is reasonable. ECF 22. I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, Mr. Demuth's motion for attorney's fees is GRANTED.

      On December 20, 2019, this Court awarded Mr. Demuth $2,370.51 for 11.5 hours worked on plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 19; *see* ECF 17-7. Plaintiff subsequently received a favorable decision, which resulted in an award of past-due benefits. ECF 21-1. Mr. Demuth filed a Line seeking $11,449.00, or 25 percent of plaintiff's past-due benefits, in attorney's fees. ECF 21. Mr. Demuth has agreed to reimburse plaintiff for EAJA fees he previously received. *Id.*; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

      An attorney who successfully represents a claimant before this Court may receive a reasonable fee not to exceed 25 percent of the claimant's total past-due benefits. 42 U.S.C. § 406(b). A court must "independent[ly] check" each agreement to ensure the agreement yields a "reasonable" result. *Gisbrecht*, 535 U.S. at 807. A court reviewing for reasonability properly considers the "character of the representation and the results the representative achieved" and may require the attorney to provide a record of hours spent working on the case and his typical hourly rate. *Id.* at 808. A fee resulting in a "windfall" to the attorney is likely not reasonable. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746–47 (6th Cir. 1989)); *see also Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (interpreting *Gisbrecht* as establishing that "a reduction in the contingent fee may be appropriate when," *inter alia*, "past-due benefits 'are large in comparison to the amount of time counsel spent on the case'").

      A court may only award attorney's fees under 42 U.S.C. § 406(b) for representation in court or for "court-related work." *Mudd*, 418 F.3d at 428. However, the court may consider, "as one factor in its reasonableness determination, the time spent and work performed by counsel on

*Nancy F. v. Berryhill*
Civil No. DLB-19-128
June 16, 2021
Page 2

the case when it was pending at the agency level." *Id.* Such consideration is appropriate insofar as it gives the court "a better understanding of factors relevant to its reasonableness inquiry, such as the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court." *Id.*

Here, Mr. Demuth and plaintiff entered into a retainer fee agreement, by which plaintiff agreed to pay him 25 percent of all retroactive benefits to which she might become entitled. ECF 17-3. In his previous motion for attorney's fees pursuant to the EAJA, Mr. Demuth submitted an itemized report documenting 11.5 chargeable hours he worked on plaintiff's case in this court. *See* ECF 17-7 (listing a total of 11.75 hours, 0.25 of which were spent on preparing and filing the complaint marked "NO CHARGE"). If Mr. Demuth receives the full amount of fees he requests, his fee for representation will effectively be $995.57 per hour. Mr. Demuth must therefore show that an effective rate of $995.57 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Mr. Demuth's typical hourly billing rate is $350.00. ECF 17-6 ¶ 6. This is within the presumptively reasonable range of rates for attorneys of his experience level pursuant to the fee guidelines appended to the Local Rules of this Court.[1] Courts in the Fourth Circuit have approved contingency fee agreements that produce higher hourly rates in successful Social Security appeals. *See, e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490, at *3 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with an hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D. W. Va. 2003) (approving contingency fee agreement with an hourly rate of $1,433.12); *Lehman v. Comm'r, Soc. Sec. Admin.*, No. SAG-10-2160 (D. Md. July 7, 2016) (approving contingency fee agreement with an hourly rate of $1,028.14). This Court has approved hourly rates in excess of Mr. Demuth's presumptively reasonable hourly rate. *See, e.g.*, *Tracy M. v. Comm'r, Soc. Sec. Admin.*, No. DLB-18-1250, 2020 WL 2732130, at *2 (D. Md. May 26, 2020) (approving a $354.86 hourly rate for Mr. Demuth); *Edna H. v. Comm'r, Soc. Sec. Admin.*, No. TMD-18-581 (D. Md. June 25, 2020) (approving a $844.70 hourly rate for Mr. Demuth's work on preparing a motion for summary judgment and memorandum); *James B. v. Comm'r, Soc. Sec. Admin.*, No. BPG-17-1091 (D. Md. Sept. 16, 2020) (approving a $818.69 hourly rate for Mr. Demuth's work on preparing a motion for summary judgment, memorandum, and response brief). This case is no exception. In taking the case on a contingency fee, Mr. Demuth agreed to the possibility of no fees, and his client agreed to pay him 25 percent of all retroactive benefits to which she might become entitled. Further, Mr. Demuth represented plaintiff in her administrative hearing after the Court's remand in this case. ECF 21-1 at 4. While this Court may not award Mr. Demuth fees under 42 U.S.C. § 406(b) for his representation of plaintiff at the administrative level,

---

[1] Although they do not govern Social Security cases, guidelines regarding hourly rates are published in the District of Maryland's Local Rules. These guidelines provide a suitable framework with which to evaluate the reasonableness of hourly rates in Social Security cases. *See* Loc. R. App'x B (D. Md. 2018); *see, e.g.*, *Arvie W. v. Cmm'r, Soc. Sec. Admin.*, No. SAG-17-1148, 2019 WL 3975187, at *2 (D. Md. Aug. 22, 2019) (using the guidelines to assess the reasonability of fees requested by a Social Security claimant's counsel). Currently, Mr. Demuth has fifteen years of experience. ECF 17-6 ¶ 5. The presumptively reasonable hourly rate for attorneys admitted to the bar for fifteen to nineteen years is between $275.00 and $425.00. Loc. R. App'x B(3)(d).

*Nancy F. v. Berryhill*
Civil No. DLB-19-128
June 16, 2021
Page 3

the Court can consider that representation as part of its reasonableness analysis. *Mudd*, 418 F.3d at 428. In this case, Mr. Demuth's effective advocacy resulted in a favorable decision for plaintiff, whose back benefits were significant. Even though the effective hourly rate is more than double Mr. Demuth's typical hourly rate, the requested fee is reasonable in light of Mr. Demuth's direct role in plaintiff's successful claim and should be approved.

For the reasons set forth herein, this Court GRANTS Mr. Demuth's motion seeking attorney's fees, ECF 21. This Court will award Mr. Demuth attorney's fees totaling $11,449.00. Mr. Demuth is directed to reimburse plaintiff the fees he received pursuant to the EAJA.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                      Sincerely yours,

                      /s/

                      Deborah L. Boardman
                      United States Magistrate Judge